**GLENS FALLS PILOTS & OWNERS ASSOCIATION by William BINGHAM, President, Plaintiff,**

v.

**Elizabeth DOLE, Secretary of Transportation, and Donald D. Engen, Federal Aviation Administrator, Defendants.**

No. 87–CV–545.

United States District Court, N.D. New York.

June 10, 1987.

Robert L. Harder, Albany, N.Y., for plaintiff.

James S. Dillman, Asst. Chief Counsel for Litigation, Federal Aviation Admin., Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty., Gustave J. DiBianco, Asst. U.S. Atty., Syracuse, N.Y., for defendants.

### MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiff Glens Falls Pilots & Owners Association [1] has moved this court to issue a preliminary injunction enjoining the consolidation of services provided at Federal Aviation Administration Flight Service Stations (FSS) in Albany, New York, Glens

---

1. The plaintiff intends to move for class certification, but that issue is not before the court at this time.

Falls, New York, Massena, New York, Watertown, New York, and Montpelier, Vermont into a new Automated Flight Service Station in Burlington, Vermont. The consolidation is scheduled to occur on June 13, 1987. The court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331. A hearing was held on the motion on June 3, 1987, and the following constitutes the court's findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a).

The plaintiff's main contention is that the consolidation violates 49 U.S.C. § 2224(c), which provides:

(c) Closings; conditions

The Secretary may close not more than five existing flight service stations before October 1, 1983. After October 1, 1983, the Secretary may close additional flight service stations, but only if the service provided to airmen after the closure of such station with respect to information relating to temperature, dewpoint, barometric pressure, ceiling, visibility, and wind direction and velocity for the area served by such station is as good as or better than the service provided when the station was open and such service is provided either by mechanical device or by contract with another party.[2]

The key issue before the court, then, is whether the service provided with regard to weather information will be as good or better after the consolidation as it is now.

The consolidation does not involve a complete functional closing of the flight service stations. The navigational equipment in place at the stations will still remain operational, and non-Federal Aviation Administration personnel will work at the stations to provide weather information. There will

no longer be FSS Specialists, who currently perform a wide range of duties, at the stations. The FSS Specialists will be transferred to Burlington and other automated flight service stations.

The present situation at the flight service stations with regard to weather information is as follows. To illustrate by example, when a pilot is approaching the Glens Falls airport for a landing, he or she can radio the Glens Falls FSS and receive weather information from the FSS Specialist who is working in Glens Falls.[3] Although the information is normally updated once an hour, the FSS Specialist can provide more current information at the request of the pilot. The pilot then sets the instruments on the plane based on the information received and proceeds to land.

After the consolidation, pilots will receive weather information in a somewhat different manner. As mentioned above, personnel, known as weather observers, will work at the flight service stations after the consolidation. They will make their observations once an hour and provide the information to the FSS Specialists in Burlington. When a pilot approaches Glens Falls for a landing, he or she will still radio Glens Falls, but the call will then be transmitted automatically to Burlington. The FSS Specialist in Burlington will then refer to the weather information provided by the weather observer in Glens Falls and relay it to the pilot.

The plaintiff contends, though, that the pilots will not be able to get the more current information that they are now able to get from the FSS Specialists working at the flight service stations. However, the court finds that such information will still be available. A government witness testi-

---

**2.** The plaintiff also contends that the court should consider several of the provisions of 14 C.F.R. § 171 *et seq.* in reaching its determination. The plaintiff asserts that those provisions apply to non-federally owned airports. However, it appears to the court that the provisions apply to non-federally owned navigation facilities, which are navigation aids separate and distinct from airports. *See Rulli v. United States*, 581 F.Supp. 1502 (W.D.Pa.1984). The navigation facilities in question in the instant case are federally owned.

**3.** The plaintiff's evidence deals almost completely with Glens Falls. Little, if any, evidence was presented and few, if any, arguments were made during the hearing in regard to the flight service stations in Massena, Watertown, and Montpelier. Some mention was made of Albany, but only regarding the fact that National Weather Service personnel will be providing weather information after the consolidation.

fied that, when a pilot requests the more current weather information, the FSS Specialist in Burlington will call the flight service station on a special dedicated phone line and get that information from the weather observer on duty. The information is then provided by the FSS Specialist in Burlington to the pilot. The delay involved, if any, is only a matter of seconds.

The plaintiff also argues that, when a FSS Specialist calls a weather observer to get the more current weather information, the observer may be away from the phone and unable to answer it. The plaintiff's position is based on sheer conjecture, and the court heard no evidence to substantiate it. There is nothing before the court that would indicate that the weather observer on duty will not be working full time and will not be near the phone. Further, there was testimony that the FSS Specialists who now work at the flight service stations are sometimes outside making weather observations and are not always right next to the phone or radio.

Moreover, the court gives little credence to the plaintiff's argument that the government will not have a sufficient number of weather observers in place by June 13 and that, even if they are in place, they will not be as qualified as the FSS Specialists who now make the weather observations. First, the government made clear during the hearing that if for some reason an insufficient number of new weather observers are trained and certified by June 13, properly trained and certified personnel will be switched to the flight service stations until the new people are ready to assume their jobs.

Further, while the FSS Specialists are much more highly trained than the weather observers, they also have a much broader range of duties. The court is not convinced that the post-consolidation weather observers will not be properly trained and certified for the accurate observation and reporting of weather conditions or will be any less able in that regard than the FSS Specialists whom they are replacing.

In order for this court to issue a preliminary injunction enjoining the consolidation of the services provided by the flight service stations, the plaintiff must make a showing of (1) irreparable harm, and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor. *Power Test Petroleum Distributors v. Calcu Gas*, 754 F.2d 91, 95 (2d Cir.1985).

While a finding of irreparable harm, in the form of increased danger to pilots, is not difficult to make, the court concludes that the plaintiff has failed to satisfy the second prong of the test. After carefully considering the evidence presented at the hearing, the court concludes that the plaintiff has not demonstrated a likelihood of success on the merits, or even substantially serious questions going to the merits to make them a fair ground for litigation, assuming the balance of hardships tipping in the plaintiff's favor. The evidence indicates that, after the consolidation, the service provided with regard to weather information will be as good as or better than the service now provided.

For these reasons, then, the plaintiff's motion for a preliminary injunction is denied.

IT IS SO ORDERED.